## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IMRAN MASIH, | No. 4:24-CV-01209 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| CRAIG LOWE, | |
| Respondent. | |

## MEMORANDUM OPINION

### OCTOBER 2, 2024

Petitioner Imran Masih is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE). Masih is currently detained at Pike County Correctional Facility in Lords Valley, Pennsylvania. He commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking a bond hearing or immediate release based on his claim that his continued detention has become unconstitutional. The Court will deny Masih's Section 2241 petition without prejudice.

## I.    BACKGROUND

Masih is a citizen and native of Pakistan.[1] On July 5, 1997, at the age of 10, he was admitted to the United States as a lawful permanent resident under an F43

---

[1]    *See* Doc. 10-1 at 1, 2.

Visa.[2]  In May 2010, following a guilty plea, Masih was convicted of attempted rape by forcible compulsion.[3]  Several days later, he pled guilty to statutory sexual assault and corruption of minors.[4]  And, in January 2012, Masih was convicted of unlawful contact with a minor.[5]  He was sentenced to 6- to 15-years' incarceration and several terms of probation.[6]

In May 2012, an ICE agent performing a routine operation at SCI Camp Hill determined that Masih was potentially subject to removal for committing two crimes involving moral turpitude pursuant to Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(2)(A)(ii), and for having been convicted of several aggravated felonies, *see id.* § 1227(a)(2)(A)(iii).[7] In July 2012, an immigration judge found Masih removable and ordered him removed to Pakistan or alternatively to India.[8]  Masih did not appeal.[9]

Masih was released from state custody on January 17, 2024, and entered ICE custody.[10]  After approximately six months in ICE custody, Masih filed the instant Section 2241 petition, seeking either a bond hearing or immediate release.[11]

---

[2]  *Id.* at 3.
[3]  *See id.*
[4]  *See id.*
[5]  *See id.*
[6]  *See id.*
[7]  *See id.* at 2.
[8]  *See* Doc. 10-3.
[9]  *See* Doc. 10-4 ¶ 4.
[10]  *See id.* ¶ 2.
[11]  *See generally* Doc. 1.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States."[12]  Because Masih filed the instant petition while he was detained within the jurisdiction of this court, is still currently detained by ICE, and asserts that his continued detention violates due process, this court has jurisdiction over his Section 2241 petition.[13]

## III.   DISCUSSION

Masih brings an as-applied due process challenge to his continued detention under 8 U.S.C. § 1231(a)(6).  He argues that his removal to Pakistan is not reasonably foreseeable, so he should receive an individualized bond hearing or be released.[14]  The government counters that Masih is "lawfully detained" pending removal and that his detention under Section 1231(a) is constitutional.[15]

Section 1231(a) of Title 8 of the United States Code "governs the detention, release, and removal of individuals 'ordered removed.'"[16]  Section 1231(a)(1)(A) provides that, following entry of a final order of removal, the United States generally must effectuate the noncitizen's removal during a 90-day "removal

---

[12]   *See* 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

[13]   *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

[14]   *See* Doc. 1 at 15-16; Doc. 12 at 10.

[15]   Doc. 8 at 5-11.

[16]   *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022).

period."[17]  That 90-day period generally begins to run, for noncitizens who are detained or confined for criminal offenses, on "the date the alien is released from [non-immigration] detention or confinement."[18]  Detention is mandatory during this first 90 days.[19]

Following expiration of the 90-day removal period, certain noncitizens "may" be detained if they fall into one of four distinct categories: "(1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those [determined] 'to be a risk to the community'; and (4) those [determined] to be 'unlikely to comply with the order of removal.'"[20] How long a noncitizen may be detained pursuant to Section 1231(a)(6) following the 90-day removal period has been the subject of considerable litigation.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that Section 1231(a)(6) "does not permit indefinite detention," but rather "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States."[21]  Of course, the phrase "a period reasonably necessary to bring about that alien's removal" provides no easily

---

[17]  8 U.S.C. § 1231(a)(1)(A).
[18]  *Id.* § 1231(a)(1)(B)(iii).
[19]  *Id.* § 1231(a)(2) ("During the removal period, the Attorney General *shall* detain the alien." (emphasis added)).
[20]  *Arteaga-Martinez*, 596 U.S. at 578-79 (quoting 8 U.S.C. § 1231(a)(6)).
[21]  *Zadvydas*, 533 U.S. at 689.

ascertainable guidelines.[22]  According to *Zadvydas*, a period reasonably necessary to bring about a noncitizen's removal from the United States is presumptively six months.[23]

Thus, noncitizens detained under Section 1231(a)(6) past the six-month presumptively constitutional period may bring an as-applied Due Process Clause challenge to their continued detention should that detention become prolonged and potentially unlawful.[24]  Specifically, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release the [noncitizen]."[25]

---

[22]  *See Arteaga-Martinez*, 596 U.S. at 586 (Thomas, J., concurring in part); *see also Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F.3d 208, 223-24 (3d Cir. 2018), *abrogated on other grounds by Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022).  In *Johnson v. Arteaga-Martinez*, the Supreme Court abrogated the Third Circuit's holding in *Guerrero Sanchez* that Section 1231(a)(6) presumptively "requires the Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community."  *Arteaga-Martinez*, 596 U.S. at 576.  The Court did not address the merits of the petitioner's individualized Due Process Clause challenge or hold that such a claim could not be pursued.  *See id.* at 583-84.  Moreover, the United States reassured the *Arteaga-Martinez* Court that "as-applied constitutional challenges" to prolonged detention under Section 1231(a)(6) "remain available."  *Id.* at 583.

[23]  *See Zadvydas*, 533 U.S. at 701.

[24]  *See Zadvydas*, 533 U.S. at 699-701; *Guerrero-Sanchez*, 905 F.3d at 225; *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (citing *Zadvydas*, 533 U.S. at 689, 701).

[25]  *Guzman Chavez*, 594 U.S. at 529 (internal quotation marks omitted) (citing *Zadvydas*, 533 U.S. at 701); *see also* 8 C.F.R. §§ 241.4, 241.13 (establishing agency procedures for determining whether noncitizens detained under 1231(a) past 90-day removal period should be released on supervision or remain in detention).

The parties agree that Masih has been detained by ICE since January 2024. Masih contends that ICE custody began on January 8, 2024, the maximum incarceration date for his state sentence,[26] while the government asserts that it began on January 17, 2024, when Masih was physically taken into custody by ICE.[27]  The court need not resolve this immaterial dispute.  For purposes of the instant petition, it is sufficient to note that Masih's Section 1231(a) detention has exceeded the six-month presumptively reasonable period by less than three months and totals less than nine months.

In his initial petition, Masih appeared to contend (incorrectly) that he was being detained pursuant to 8 U.S.C. § 1226(c), and he thus provided argument related to habeas review of Section 1226(c) detention.[28]  In his traverse, he properly concedes that he is detained pursuant to a final order of removal under Section 1231(a).[29]

Masih, however, has not carried his initial burden to establish good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.[30]  The gravamen of his argument appears to be that eight

---

[26]  Doc. 12 at 2, 5.
[27]  Doc. 8 at 6.
[28]  *See* Doc. 1 ¶¶ 25-56.
[29]  *See* Doc. 12 at 4-5.
[30]  *See Barenboy v. Att'y Gen. of U.S.*, 160 F. App'x 258, 261 n.2 (3d Cir. 2005) (nonprecedential) ("Once the six-month period has passed, the burden is on the alien to 'provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]' Only then does the burden shift to the Government, which 'must respond with evidence sufficient to rebut that showing.'") (quoting *Zadvydas*, 533 U.S. at 701).

months have passed and that, because Pakistan "has not issued travel documents" yet "and there is no evidence when, if ever, travel documents will be issued, ICE has not satisfied its burden and [he] must be released."[31]

The Court disagrees.  If such a cursory argument were considered sufficient to establish "good reason" to believe that removal is not reasonably foreseeable, nearly all discretionary detention under Section 1231(a) where removal has not yet occurred would be subject to habeas attack.  Masih must do more.[32]

Even assuming Masih's argument established good reason to believe that removal is not reasonably foreseeable, the United States has rebutted that showing. In a sworn declaration by Officer Michael Loesch, from ICE's "Enforcement and Removal Operations," Loesch avers the following.  First, in February 2024, a travel document request packet was sent to the embassy of Pakistan.[33]  ICE has followed up numerous times since the initial request, most recently on August 27, 2024.[34]  The embassy of Pakistan has regularly cooperated with ICE/ERO regarding the issuance of travel documents for removal, and the United States

---

[31]  *Id.* at 5-6.

[32]  *See, e.g.*, *DonMartin v. Lowe*, No. 1:17-cv-01766, 2017 WL 5990114, at *2 (M.D. Pa. Dec. 4, 2017) (Rambo, J.) (denying relief to Section 1231(a) detainee because argument that "his removal is unlikely because it has not yet occurred" did not meet *Zadvydas* standard); *Abdelrahman v. ICE's Interim Field Off. Dir.*, No. 4:05-cv-1916, 2005 WL 3320841, at *2 (M.D. Pa. Dec. 7, 2005) (noting that "[t]he fundamental basis of [petitioner's] argument appears to be that his removal is unlikely simply because it has not occurred to this point," and rejecting this argument as insufficient to show that removal was not reasonably foreseeable).

[33]  Doc. 10-4 ¶ 5.

[34]  *Id.*

anticipates that such documents will issue in the near future when Masih's Pakistani citizenship is confirmed.[35]  Moreover, ICE has regularly removed hundreds of Pakistani nationals over the preceding six years, indicating that there is no per se obstacle to removal to Pakistan.[36]

Additionally, the Court observes that Masih has received regular custody status reviews by ICE pursuant to 8 C.F.R. § 241.4.[37]  Release from custody pending removal was denied primarily because of Masih's extensive criminal history involving rape and sexual assault.[38]  These periodic custody reviews further alleviate any due process concerns in this case.

In sum, because Masih has been detained under 8 U.S.C. § 1231(a)(6) for less than nine months and has not proffered evidence that removal is not likely in the reasonably foreseeable future, the Court will deny his Section 2241 petition.  If his detention becomes unreasonable and he can carry his burden to show that there is no significant likelihood of removal to Pakistan or India in the reasonably foreseeable future, he may file a new Section 2241 petition in the appropriate court.

---

[35] *Id.* ¶¶ 6-7.
[36] *See* U.S. IMMIGRATION & CUSTOMS ENFORCEMENT, *Fiscal Year 2023 Annual Report*, p. 98, https://www.ice.gov/doclib/eoy/iceAnnualReportFY2023.pdf (last visited Oct. 1, 2024).
[37] *See* Docs. 10-5, 10-6.
[38] *See* Doc. 10-5 at 1; Doc. 10-6 at 1.

**IV.**   **CONCLUSION**

For the foregoing reasons, the Court will deny without prejudice Masih's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate

Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge